IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Tallahassee Division

NEW FLORIDA MAJORITY EDUCATION
FUND, COMMON CAUSE and MI FAMILIA
VOTA EDUCATION FUND,

        Plaintiffs,

v.                Civil Action No. _____

KEN DETZNER, in his official
capacity as Secretary of State of the
State of Florida,

        Defendant.


**COMPLAINT FOR EMERGENCY INJUNCTIVE AND
DECLARATORY RELIEF**

  Plaintiffs, NEW FLORIDA MAJORITY EDUCATION FUND (NewFM-EF), COMMON CAUSE, and MI FAMILIA VOTA EDUCATION FUND (MFVEF), by and through counsel, respectfully file this COMPLAINT for Injunctive and Declaratory Relief against Defendant KEN DETZNER, in his official capacity as Secretary of State of the State of Florida, and allege upon information and belief as follows:

**INTRODUCTION**

  1.  This is a challenge to the State's refusal to provide for a reasonable extension of the October 9, 2018 voter registration deadline for participation in the November general election in the face of an impending catastrophic hurricane coupled and reported problems with the state's online voter registration system (OVR) in the waning days of the registration period.

1

2. Despite the fact that Governor Rick Scott issued a declaration of emergency impacting 35 of Florida's 67 counties, numerous mandatory and voluntary evacuation orders have been issued and government officials have pleaded with Floridians to heed evacuation orders and prioritize taking precautions to protect their safety and welfare in advance of Hurricane Michael making landfall, the State has refused to make any reasonable effort to accommodate the needs of its voting eligible citizens and provide additional time for them to register to vote or update their registration information in advance of the November election.

3. At the same time, users reported experiencing problems with Florida's Online Voter Registration ("OVR") system on October 8 and 9, 2018, compounding the burden on the ability of Floridians to register to vote in the face of the approaching hurricane.

4. Under the circumstances, the State's failure to extend the registration deadline amounts to the denial of critical voter registration opportunities in violation of the Fourteenth Amendment. Absent relief, tens of thousands of eligible Floridians will likely be prevented from participating in the November general election.

5. In so doing, the State has ensured that eligible Floridians who would have otherwise registered during this period will be unable to participate in the November election. Plaintiffs therefore bring this action to vindicate the voting rights of eligible Floridians disenfranchised by the State's refusal to extend the voter registration deadline.

## PARTIES

6. Plaintiff NEW FLORIDA MAJORITY EDUCATION FUND ("NewFM-EF") is a Florida non-profit corporation and membership organization with its principal office in Miami-Dade County, Florida. Founded in 2009, NewFM-EF is dedicated to organizing, educating, and mobilizing disempowered communities in Florida to win equity and fairness throughout the State. NewFM-EF's central focus is to expand democracy by ensuring that every person eligible to vote, regardless of party affiliation, is able to exercise his or her fundamental and

constitutionally protected right to vote. To achieve its goal, NewFM-EF works with individuals and organizations engaged in civic and democratic endeavors to assist underserved communities in voter registration, voter education and get out the vote efforts.

7. Plaintiff COMMON CAUSE is a nonprofit corporation organized and existing under the laws of the District of Columbia. It is one of the nation's leading grassroots democracy-focused organizations and has over 1.2 million members and chapters in 35 states, including over 60,000 members and supporters in Florida. A total of 474 members live in the areas that will be affected by Hurricane Michael; each affected area contains at least one member.

8. Since its founding in 1970, COMMON CAUSE has been dedicated to the promotion and protection of the democratic process, including the right of all citizens to vote in fair, open, and honest elections. COMMON CAUSE at the national level and in Florida, conducts significant nonpartisan voter-protection, advocacy, education, and outreach activities to ensure that voters are registered to vote and have their ballots counted as cast. COMMON CAUSE is also a proponent of policies, practices, and legislation – such as online voter registration, same day registration, automatic voter registration, and early voting – that facilitate voting for eligible voters. When natural disasters strike, COMMON CAUSE believes it is imperative that state elections officials do what is necessary and appropriate to ensure that their citizens do not go disenfranchised due to acts outside of their control. To that end, COMMON CAUSE urged elections officials in the past - in Florida and other states - to extend voter registration deadlines, permit out-of-precinct voting, send out advisories and other information to citizens on elections changes, and other matters.

9. Plaintiff MI FAMILIA VOTA EDUCATION FUND (MFVEF) is a national non-profit organization dedicated to working with the Latino community to increase civic participation. MFVEF maintains a Florida offices in Orlando, Kissimmee and Tampa, Florida.

The organization's primary mission is to ensure that every person who is eligible to vote, regardless of party affiliation, is able to exercise his or her fundamental and constitutionally protected right to vote.  A core component of MFVEF's mission is to increase voter registration and voting by eligible Latino citizens. To achieve this goal, MFVEF registers voters and engages in voter education campaigns via voter registration drives, distribution of voter-registration literature, and voter mobilization efforts, including in areas affected by Hurricane Michael.

10. Defendant's refusal to extend the voter registration deadline will frustrate and has frustrated Plaintiffs' respective missions by interfering with their efforts to register eligible voters and increase civic engagement.  Plaintiffs will be unable to undertake voter registration and civic engagement activities in the affected regions.  Plaintiffs will be forced to divert resources from their regular activities and programs to complete all voter registration activities it would have performed prior to the Tuesday, October 9 deadline, on the day each Supervisor of Elections office reopens, despite the state of emergency, the mandatory and voluntary evacuations of large portions of Florida, and a lack of information on when each office will open.

11. Defendant KEN DETZNER is sued in his official capacity as Secretary of State of the State of Florida.  Pursuant to Florida Statute § 97.012, the Secretary of State is the chief elections officer of the State and is responsible for the administration of state laws affecting voting, including those pertaining to voter registration.

## JURISDICTION

12.     Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

13.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States, because Plaintiffs bring this action to redress the deprivation, under color of State law, of rights, privileges, and immunities secured by the Constitution of the United States and federal law, and because Plaintiffs bring this action to secure equitable relief under federal law providing for the protection of voting rights.

14.     This Court has personal jurisdiction over Defendant, who is sued in his official capacity only.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that gave rise to Plaintiffs' claims occurred in this judicial district.

16.     This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

## STATEMENT OF FACTS

17.     On October 7, 2018, Governor Rick Scott declared a State of Emergency in twenty-six counties as a result of the threat caused by then-Tropical Storm Michael.[1] Governor Scott amended that Executive Order to include nine more counties the next day. On October 8, 2018, FEMA issued a pre-landfall emergency declaration for all thirty-five counties under Gov.

---

[1] Fla. Exec. Order No. 18-277 (Oct. 7, 2018), https://www.flgov.com/wp-content/uploads/2018/10/SLT-BIZHUB18100810270.pdf.

Scott's State of Emergency.[2] Over 5.6 million people live in these thirty-five counties,[3] including nearly 3.7 million registered voters, 28.2% of all the registered voters in the state.[4]

18. As of 5 p.m., Tuesday, October 9, 2018, Hurricane Michael is a Category 3 storm with "[s]ome additional strengthening [] expected."[5] In a press conference to warn Floridians about the coming storm, Governor Scott called Hurricane Michael "devastating and deadly" and "not [to] take a chance" by remaining in areas with heavy storm surge because the "storm will be life-threatening."[6] The huge evacuation is causing traffic backups as far as Mobile, Alabama, which is "eat[ing] up all the fuel reserves" as residents and vacationers flee the area.[7]

19. These massive disruptions are occurring during the busiest time for voter registration, namely the last days of the registration period for participation in a general election. Indeed, over 53,000 people registered to vote in Florida during the final two days of the registration period for the 2016 general election.

20. The fact that registration activity is particularly high during this period is well-known to state and local elections officials.  In 2016, Hurricane Matthew made landfall

---

[2] Federal Emergency Management Agency, Hurricane Michael Emergency Declaration, FEMA-3405-EM, Oct. 8, 2018, https://www.flgov.com/wp-content/uploads/2018/10/SUMMARY-3405-EM.pdf.
[3] U.S. Census Bureau, *Quick Facts*, https://www.census.gov/quickfacts/fact/table/US/PST045217 (last visited Oct. 9, 2018).
[4] Florida Department of State, *Voter Registration – By County and Party*, https://dos.myflorida.com/elections/data-statistics/voter-registration-statistics/voter-registration-monthly-reports/voter-registration-by-county-and-party/ (last visited Oct. 9, 2018).
[5] National Hurricane Center, *Hurricane Michael Public Advisory Number 13*, https://www.nhc.noaa.gov/text/refresh/MIATCPAT4+shtml/092054.shtml (last visited October 9, 2018, 5:23 p.m.)
[6] Karl Etters, *Hurricane Michael 'will be life threatening,' Gov. Rick Scott warns*, Florida Today, Oct. 8, 2018, https://www.floridatoday.com/story/weather/2018/10/08/hurricane-michael-life-threatening/1564459002/.
[7] Lawrence Specker, *Hurricane Michael evacuation traffic jamming I-10 Bayway*, Alabama.com, Oct. 9, 2018, https://www.al.com/news/mobile/index.ssf/2018/10/hurricane_michael_evacuation_t.html.

just days before the voter registration deadline. On October 11, 2016, a federal court granted a TRO and extended the voter registration until the following day to hold a hearing. On October 12, 2016, a federal court ordered the Department of State to extend the voter registration deadline, statewide, to October 18. After a court ordered an additional one-week extension of the statewide deadline to accommodate affected voters, *Democratic Party of Florida v. Detzner*, 215 F.Supp.3d 1250 (N.D.Fl 2016), over 80,000 additional Floridians were able to register to vote.

21. Compounding the disruptions caused by the impending hurricane, Floridians attempting to register or update their voter registration information by using the State's online voter registration system (OVR) have reported problems being able to complete the registration process or update their registration data.

22. To use the OVR system, Florida residents must have a Florida driver's license or state identification card, and must provide the last four digits of their social security number in the OVR system. Florida residents who do not have a Florida state driver's license or state identification card, or access to the last four digits of their social security number, including residents experiencing power outages due to the hurricane, must complete a paper voter registration application, then print, sign, and deliver it by mail or in-person to their county Supervisor of Elections office or other approved voter registration agencies. While the OVR system is not an adequate replacement for access to SOE offices, the problems reported by users of the OVR compounded the burden on eligible Floridians due to Hurricane Michael.

23. In the months leading up to today's registration deadline, the ACLU, All Voting Is Local, the Lawyers' Committee for Civil Rights Under Law, Common Cause, and other organizations repeatedly warned the Secretary of State's office about problems users reported about the OVR system. Defendant Detzner did not take precautions to alleviate this

predicted burden on voters, even though users reported similar issues with the system ahead of the state's 2018 primary elections. *See* Exhibit A, ACLU letter to Secretary Detzner (July 26, 2018).

24. The loss of voter registration opportunities immediately preceding the voter registration deadline in Florida is simply devastating. Generally speaking, voter interest in an election increases as the election draws closer, such that the highest rates of voter registration activity occur during the period immediately prior to the registration deadline for an electionVoter interest in an election tends to grow closer to the election, and voters generally rely on the published deadlines for registration when making plans. During the final two days of the registration period for the 2016 presidential election, at least over 53,000 people registered to vote in Florida.

25. This year, however, the opportunity to register to vote during the last days of the registration period was largely lost. Over 2.4 million Floridians live in evacuation zones. Tens of thousands of voters who relied on the State's published October 9 registration deadline found themselves unable to register during the last few days of the registration period due to mandatory and voluntary evacuation orders and their decision to heed warnings to take precautions in advance of the storm and likely lost their opportunity to register to vote as a consequence.

26. On July 26 the ACLU of Florida wrote to Defendants expressing our concerns over reports that the OVR website was not allowing Floridians to register or change party or address in the lead up to the deadline to register for the primary election. Exhibit A. The ACLU requested responses to seven questions regarding the pre-primary outages, and any precautions on the part of Defendants to address these concerns before today's registration deadline for the general election. The ACLU of Florida did not receive a response.

27. On October 9, All Voting Is Local sent a letter to Defendants alerting Defendants to the recent outages and expected high volume of registrations expected on October 8. Exhibit B. Defendants did not respond to that letter.

28. The Lawyers' Committee for Civil Rights Under Law and Common Cause Florida sent a letter to the interim general counsel for the Florida Department of State to request an extension of the voter registration deadline on October 8, 2018. Exhibit C. No response was received from the Department of State to that letter. In addition, no responses were received from the interim general counsel and assistant general counsel to follow-up calls and voicemails left by the Lawyers' Committee and Common Cause Florida on October 9, 2018.

29. Instead of making any reasonable effort to accommodate the needs of Floridians who need to register to vote or update their voter registration in the face of this impending natural disaster and the problems faced by users when they attempted to register or update information online, Defendant Detzner issued [Directive 2018-03](#), pursuant to his authority in section 97.012(16), Florida Statutes (2018), which authorized any Supervisor of Elections whose office that was closed on Tuesday, October 9, 2018, as a result of Hurricane Michael to accept paper voter registration forms on the next day that his or her office is reopened. The Directive also stated that there would be no extension of the October 9, 2018 online voter registration deadline.

30. This woefully inadequate Directive does not provide any relief to Floridians who were forced to leave their home counties ahead of the storm or experienced (or will experience) power outages and problems using the State's OVR system. The Directive also provides no relief to Floridians who are unable to return to their home counties on the single day when the county supervisor of elections reopens the office.

9

31. In the aftermath of Hurricane Florence, South Carolina and North Carolina[8] extended the voter registration deadlines for their residents. Defendant Detzner has not issued any statement or provided any rationale why the State of Florida could not do the same for its eligible residents.

32. In so doing, the State is ensuring that eligible Floridians who could not register by October 9, 2018 due to the impending hurricane or because of problems using the OVR system in the waning days of the registration period will be unable to participate in the November election. Plaintiffs therefore bring this action to vindicate the voting rights of eligible Floridians disenfranchised by the State's refusal to extend the voter registration deadline.

## CLAIMS FOR RELIEF
### COUNT ONE
### Undue Burden on the Right to Vote in Violation of the Fourteenth Amendment

33. The Fourteenth Amendment prohibits undue burdens on the fundamental right to vote. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

34. Because of Hurricane Michael, the Governor's emergency declaration, mandatory and voluntary evacuation orders, eligible Floridians who would have registered to vote in the period prior to the October 9 registration deadline have been prevented from registering.

35. Problems reported by users of the State's OVR system during this same period compounded the burdens posed by the impending hurricane. The State has not provided

---

[8] *See* https://www.scvotes.org (South Carolina extension) and https://www.ncsbe.gov/index.html (North Carolina extension)

any adequate justification for its refusal to extend the voter registration deadline in light of these events, and its statutory authority to do so.

36. Under the circumstances, the State's refusal to extend the voter registration deadline has, at best, a tenuous connection to any legitimate government policy, and therefore unduly burdens the fundamental right to vote in violation of the Fourteenth Amendment.

## COUNT TWO
### Disparate Treatment in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983

37. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

38. Section 1 of the Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person within its jurisdiction the equal protection of the laws."

39. Under 42 U.S.C. § 1983, every person acting under color of state law who deprives another person of his or her constitutional rights is also liable at law and in equity.

40. This leads to arbitrary results where there is non-uniform access to registration in some places that are not available on the same terms as the vote of someone in another location. *See Bush v. Gore*, 531 U.S. 98 (2000) (voting recount violated equal protection where Florida had not shown that its recount procedures include the necessary safeguards, thus allowing for arbitrary results).

41. The non-uniform registration extension violates the Fourteenth Amendment's equal protection provisions because there is no statewide standard for the registration extension. Voters are unable to determine whether their county supervisor of elections office was closed on October 8, and is therefore subject to the one day extension pursuant to [Directive 2018-03](Directive 2018-03), or when it will re-open for the additional day.

11

42. While the effect of Hurricane Michael may not be uniform throughout the state, a limited one-day extension, effective at an unspecified time, and not uniformly applied among counties, cannot adequately alleviate the burden of the closures on prospective registrants affected by the hurricane. Voters who are displaced by the storm will be unable to submit registrations in person. Residents who could have registered online may be unable to do so due to internet or power outages, or because of the problems with the OVR website reported on October 8, 2018. This leads to arbitrary results where there is greater likelihood that registration opportunities will not be available on the same terms in different counties.. *See Bush v. Gore*, 531 U.S. 98 (2000) (voting recount violated equal protection where Florida had not shown that its recount procedures include the necessary safeguards, thus allowing for arbitrary results).

43. A statewide extension of the voter registration deadline will provide a reasonable and uniform opportunity for Floridians to submit their voter registration application in time to vote in the November 2018 election.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

A. Preliminarily and permanently enjoining Defendants from enforcing the current October 9, 2018 voter registration deadline.

B. Ordering Defendants to extend Florida's voter registration deadline by at least one week (from October 9, 2018 up to and including October 16, 2018) throughout the state and including OVR registrations.

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, inter alia, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/Nancy G. Abudu*
Nancy Abudu (Fla. Bar No. 111881)
nabudu@aclufl.org
ACLU Foundation of Florida, Inc.
4343 W. Flagler Street, Suite 400
Miami, FL 33134
Tel: 786-363-2700

Julie A. Ebenstein (Fla Bar No. 91033)
jebenstein@aclu.org
American Civil Liberties Union
125 Broad St.
New York, NY 10004
Tel: 212-549-2693

Ezra D. Rosenberg (\**pro hac vice – to be filed*)
Julie Houk (\**pro hac vice – to be filed*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone:   (202) 662-8600
Facsimile:    (202) 783-0857
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2018, I electronically filed the foregoing document with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties.

*/s/ Nancy G. Abudu*
Nancy G. Abudu
