# STATE OF FLORIDA
## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 18-276
(Emergency Management – Tropical Storm Michael)

**WHEREAS**, as of 1:00 p.m. on Sunday, October 7, 2018, Tropical Storm Michael has formed 90 miles south of Cozumel, Mexico, with current maximum sustained winds of 40 miles per hour and movement toward the north; and

**WHEREAS**, the National Hurricane Center forecasts that Tropical Storm Michael will increase in intensity and forward speed as it moves across the eastern Gulf of Mexico late Monday through Wednesday morning, and may become a hurricane by Tuesday night or Wednesday before making landfall on the Gulf Coast; and

**WHEREAS**, there is an increasing risk of dangerous storm surge, rainfall, strong winds, hazardous seas, and the potential for isolated tornadic activity for portions of Florida's northern Gulf Coast by mid-week; and

**WHEREAS**, Tropical Storm Michael poses a severe threat to the State of Florida and requires that timely precautions are taken to protect the communities, critical infrastructure, and general welfare of this State;

**WHEREAS**, the threat posed by Tropical Storm Michael requires that timely precautions are taken to protect the communities, critical infrastructure, and the general welfare; and

**WHEREAS**, as Governor, I am responsible to meet the dangers presented to this state and its people by this emergency; and,

**NOW, THEREFORE, I, RICK SCOTT**, as Governor of Florida, by virtue of the authority vested in me by Article IV, Section 1(a) of the Florida Constitution and by the Florida Emergency Management Act, as amended, and all other applicable laws, promulgate the following Executive Order, to take immediate effect:

1

Section 1. Because of the foregoing conditions, I declare that a state of emergency exists in the following counties: Escambia, Santa Rosa, Okaloosa, Walton, Holmes, Washington, Bay, Jackson, Calhoun, Gulf, Gadsden, Liberty, Franklin, Leon, Wakulla, Jefferson, Madison, Taylor, Hamilton, Suwannee, Lafayette, Dixie, Columbia, Gilchrist, Levy, and Citrus.

Section 2. I designate the Director of the Division of Emergency Management ("Director") as the State Coordinating Officer for the duration of this emergency and direct him to execute the State's Comprehensive Emergency Management Plan and other response, recovery, and mitigation plans necessary to cope with the emergency. Pursuant to section 252.36(1)(a), Florida Statutes, I delegate to the State Coordinating Officer the authority to exercise those powers delineated in sections 252.36(5)–(10), Florida Statutes, which he shall exercise as needed to meet this emergency, subject to the limitations of section 252.33, Florida Statutes. In exercising the powers delegated by this Order, the State Coordinating Officer shall confer with the Governor to the fullest extent practicable. The State Coordinating Officer shall also have the authority to:

A. Invoke and administer the Emergency Management Assistance Compact ("EMAC") (sections 252.921-252.9335, Florida Statutes) and other compacts and agreements existing between the State of Florida and other states, and the further authority to coordinate the allocation of resources from such other states that are made available to Florida under such compacts and agreements so as best to meet this emergency.

B. Seek direct assistance and enter into agreements with any and all agencies of the United States Government as may be needed to meet the emergency.

C. Direct all state, regional and local governmental agencies, including law enforcement agencies, to identify personnel needed from those agencies to assist in meeting the response, recovery, and mitigation needs created by this emergency, and to place all such personnel

under the direct command and coordination of the State Coordinating Officer to meet this emergency.

    D. Designate additional Deputy State Coordinating Officers, as necessary.

    E. Suspend the effect of any statute, rule, or order that would in any way prevent, hinder, or delay any mitigation, response, or recovery action necessary to cope with this emergency.

    F. Enter orders as may be needed to implement any of the foregoing powers; however, the requirements of sections 252.46 and 120.54(4), Florida Statutes, do not apply to any such orders issued by the State Coordinating Officer; however, no such order shall remain in effect beyond the expiration of this Executive Order, to include any extension.

Section 3. I order the Adjutant General to activate the Florida National Guard, as needed, to deal with this emergency.

Section 4. I find that the special duties and responsibilities resting upon some State, regional, and local agencies and other governmental bodies in responding to the emergency may require them to suspend the application of the statutes, rules, ordinances, and orders they administer. Therefore, I issue the following authorizations:

    A. Pursuant to section 252.36(1)(a), Florida Statutes, the Executive Office of the Governor may suspend all statutes and rules affecting budgeting to the extent necessary to provide budget authority for state agencies to cope with this emergency. The requirements of sections 252.46 and 120.54(4), Florida Statutes, do not apply to any such suspension issued by the Executive Office of the Governor; however, no such suspension shall remain in effect beyond the expiration of this Executive Order, to include any extension.

    B. Each State agency may suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business or the orders or rules of that agency, if

strict compliance with the provisions of any such statute, order, or rule would in any way prevent, hinder, or delay necessary action in coping with the emergency. This includes, but is not limited to, the authority to suspend any and all statutes, rules, ordinances, or orders which affect leasing, printing, purchasing, travel, and the condition of employment and the compensation of employees. For the purposes of this Executive Order, "necessary action in coping with the emergency" means any emergency mitigation, response, or recovery action: (1) prescribed in the State Comprehensive Emergency Management Plan ("CEMP"); or, (2) ordered by the State Coordinating Officer. The requirements of sections 252.46 and 120.54(4), Florida Statutes, shall not apply to any such suspension issued by a State agency; however, no such suspension shall remain in effect beyond the expiration of this Executive Order, to include any extensions of this Order.

C. In accordance with section 252.38, Florida Statutes, each political subdivision within the State of Florida may waive the procedures and formalities otherwise required of the political subdivision by law pertaining to:

1) Performance of public work and taking whatever prudent action is necessary to ensure the health, safety, and welfare of the community;

2) Entering into contracts;

3) Incurring obligations;

4) Employment of permanent and temporary workers;

5) Utilization of volunteer workers;

6) Rental of equipment;

7) Acquisition and distribution, with or without compensation, of supplies, materials, and facilities; and,

8) Appropriation and expenditure of public funds.

D. All agencies whose employees are certified by the American Red Cross as disaster service volunteers within the meaning of Section 110.120(3), Florida Statutes, may release any such employees for such service as requested by the Red Cross to meet this emergency.

E. The Secretary of the Florida Department of Transportation (DOT) may:

1) Waive the collection of tolls and other fees and charges for the use of the Turnpike and other public highways, to the extent such waiver may be needed to provide emergency assistance or facilitate the evacuation of the affected counties;

2) Reverse the flow of traffic or close any and all roads, highways, and portions of highways as may be needed for the safe and efficient transportation of evacuees to those counties that the State Coordinating Officer may designate as destination counties for evacuees in this emergency;

3) Suspend enforcement of the registration requirements pursuant to sections 316.545(4) and 320.0715, Florida Statutes, for commercial motor vehicles that enter Florida to provide emergency services or supplies, to transport emergency equipment, supplies or personnel, or to transport FEMA mobile homes or office style mobile homes into or from Florida;

4) Waive the hours of service requirements for such vehicles;

5) Waive by special permit the warning signal requirements in the Utility Accommodations Manual to accommodate public utility companies from other jurisdictions which render assistance in restoring vital services; and,

6) Waive the size and weight restrictions for divisible loads on any vehicles transporting emergency equipment, services, supplies, and agricultural commodities and citrus as recommended by the Commissioner of Agriculture, allowing the establishment of alternate size and weight restrictions for all such vehicles for the duration of the emergency. The DOT shall

issue permits and such vehicles shall be subject to such special conditions as the DOT may endorse on any such permits.

Nothing in this Executive Order shall be construed to allow any vehicle to exceed weight limits posted for bridges and like structures, or relieve any vehicle or the carrier, owner, or driver of any vehicle from compliance with any restrictions other than those specified in this Executive Order, or from any statute, rule, order, or other legal requirement not specifically waived or suspended herein or by supplemental order by the State Coordinating Officer;

F. The Executive Director of the Department of Highway Safety and Motor Vehicles (DHSMV) may:

1) Suspend enforcement of the registration requirements pursuant to sections 316.545(4) and 320.0715, Florida Statutes, for commercial motor vehicles that enter Florida to provide emergency services or supplies, to transport emergency equipment, supplies or personnel, or to transport FEMA mobile homes or office style mobile homes into or from Florida;

2) Waive the hours of service requirements for such vehicles;

3) Suspend the enforcement of the licensing and registration requirements under the International Fuel Tax Agreement (IFTA) pursuant to Chapter 207 Florida Statutes, and the International Registration Plan (IRP) pursuant to section 320.0715, Florida Statutes, for motor carriers or drivers operating commercial motor vehicles that are properly registered in other jurisdictions and that are participating in emergency relief efforts through the transportation of equipment and supplies or providing other assistance in the form of emergency services;

4) Waive fees for duplicate or replacement vessel registration certificates, vessel title certificates, vehicle license plates, vehicle registration certificates, vehicle tag certificates, vehicle title certificates, handicapped parking permits, replacement drivers' licenses, and replacement identification cards and to waive the additional fees for the late renewal of or

application for such licenses, certificates, and documents due to the effects of adverse weather conditions; and,

        5) Defer administrative actions and waive fees imposed by law for the late renewal or application for the above licenses, certificates, and documents, which were delayed due to the effects of adverse weather conditions, including in counties wherein the DHSMV has closed offices, or any office of the County Tax Collector that acts on behalf of the DHSMV to process renewals has closed offices due to adverse weather conditions.

Recordkeeping and other applicable requirements for existing IFTA and IRP licensees and registrants are not affected by this order. The DHSMV shall promptly notify the State Coordinating Officer when the waiver is no longer necessary.

        G. In accordance with section 465.0275, Florida Statutes, pharmacists may dispense up to a 30-day emergency prescription refill of maintenance medication to persons who reside in an area or county covered under this Executive Order and to emergency personnel who have been activated by their state and local agency but who do not reside in an area or county covered by this Executive Order.

        H. All State agencies responsible for the use of State buildings and facilities may close such buildings and facilities in those portions of the State affected by this emergency, to the extent to meet this emergency. I direct each State agency to report the closure of any State building or facility to the Secretary of the Department of Management Services. Under the authority contained in section 252.36, Florida Statutes, I direct each County to report the closure of any building or facility operated or maintained by the County or any political subdivision therein to the Secretary of the Department of Management Services. Furthermore, I direct the Secretary of the Department of Management Services to:

        1) Maintain an accurate and up-to-date list of all such closures; and,

2) Provide that list daily to the State Coordinating Officer.

I. All State agencies may abrogate the time requirements, notice requirements, and deadlines for final action on applications for permits, licenses, rates, and other approvals under any statutes or rules under which such application are deemed to be approved unless disapproved in writing by specified deadlines, and all such time requirements that have not yet expired as of the date of this Executive Order are suspended and tolled to the extent needed to meet this emergency.

Section 5. All public facilities, including elementary and secondary schools, community colleges, state universities, and other facilities owned or leased by the state, regional or local governments that are suitable for use as public shelters shall be made available at the request of the local emergency management agencies to ensure the proper reception and care of all evacuees. Under the authority contained in section 252.36, Florida Statutes, I direct the Superintendent of each public school district in the State of Florida to report the closure of any school within its district to the Commissioner of the Florida Department of Education. Furthermore, I direct the Commissioner of the Department of Education to:

A. Maintain an accurate and up-to-date list of all such closures; and,

B. Provide that list daily to the State Coordinating Officer.

Section 6. I find that the demands placed upon the funds appropriated to the agencies of the State of Florida and to local agencies are unreasonably great and may be inadequate to pay the costs of coping with this disaster. In accordance with section 252.37(2), Florida Statutes, I direct that sufficient funds be made available, as needed, by transferring and expending moneys appropriated for other purposes, moneys from unappropriated surplus funds, or from the Budget Stabilization Fund.

Section 7. All State agencies entering emergency final orders or other final actions in response to this emergency shall advise the State Coordinating Officer contemporaneously or as soon as practicable.

Section 8. Medical professionals and workers, social workers, and counselors with good and valid professional licenses issued by states other than the State of Florida may render such services in Florida during this emergency for persons affected by this emergency with the condition that such services be rendered to such persons free of charge, and with the further condition that such services be rendered under the auspices of the American Red Cross or the Florida Department of Health.

Section 9. Pursuant to section 501.160, Florida Statutes, it is unlawful and a violation of section 501.204 for a person to rent or sell or offer to rent or sell at an unconscionable price within the area for which the state of emergency is declared, any essential commodity including, but not limited to, supplies, services, provisions, or equipment that is necessary for consumption or use as a direct result of the emergency.

Section 10. Under the authority contained in sections 252.36(5)(a), (g), and (m), Florida Statutes, I direct that, for the purposes of this emergency, the term "essentials", as defined by section 252.359(2), Florida Statutes, shall be the same as and no more expansive than the term "commodity", as defined by section 501.160(1)(a), Florida Statutes (hereinafter referred to collectively or alternatively as "essential commodities"). Accordingly, any person who delivers essential commodities to a location in the area(s) declared to be under a state of emergency by this Executive Order, and when necessary to ensure that those commodities are made available to the public, may travel within evacuated areas and exceed curfews, provided the State Coordinating Officer determines, after consultation with the appropriate Emergency Support Function(s), that:

A. Law enforcement officials in the declared area(s) can provide adequate security to protect the essential commodities from theft;

B. The weight of a delivery vehicle will not jeopardize the structural integrity of any roadway or bridge located within the declared area;

C. Delivery vehicles will not negatively impact evacuation activities in the declared area(s); and,

D. Delivery vehicles will not negatively impact any response or recovery activities occurring within the declared area(s).

After consulting with the appropriate Emergency Support Function(s), and after consulting with local officials, the State Coordinating Officer may dictate the routes of ingress, egress, and movement within the declared area(s) that drivers must follow when delivering essential commodities.

Provided he or she is actually delivering medications, any person authorized to deliver medications under chapter 893, Florida Statutes, qualifies as a person delivering essential commodities.

In order to qualify as a person delivering essential commodities under this section, a person must be in the process of delivering essential commodities only. If an individual is transporting both essential and non-essential commodities, then this section shall not provide any authorization for that individual to enter into or move within the declared area(s).

Section 11. Consistent with Executive Order 80-29, nothing in this Order shall prevent local jurisdictions in any area not declared to be under a state of emergency by this Executive Order from taking prompt and necessary action to save lives and protect the property of their citizens, including the authority to compel and direct timely evacuation when necessary.

Section 12. I authorize the Florida Housing Finance Corporation to distribute funds pursuant to section 420.9073, Florida Statutes, to any county, municipality, or other political subdivision located within the area(s) declared to be under a state of emergency by this executive order. The authority of the Florida Housing Finance Corporation to distribute funds under this state of emergency shall expire six months from the expiration of this Order, to include any extensions of this Order.

Section 13. All actions taken by the Director of the Division of Emergency Management with respect to this emergency before the issuance of this Executive Order are ratified. This Executive Order shall expire sixty days from this date unless extended.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, this 7th day of October, 2018.

_____
GOVERNOR

ATTEST:

_____
SECRETARY OF STATE



FILED
2018 OCT -7 PM 3:05
DEPARTMENT OF STATE
TALLAHASSEE, FLORIDA