IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

NEW FLORIDA MAJORITY
EDUCATION FUND, COMMON CAUSE
and MI FAMILIA VOTA EDUCATION
FUND,

    Plaintiff,

v.                                    Civil Action No.  4:18-cv-00466 MW-CAS

KEN DETZNER, in his official
capacity as Secretary of State of the
State of Florida,

    Defendant.

_____/

## MOTION TO DISMISS

Defendant, Florida Secretary of State Detzner, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  The only relief sought in this action is an order "enjoining Defendants [sic] from enforcing the current October 9, 2018 voter registration deadline" in section 97.055(1)(a), Florida Statutes, and "ordering Defendants [sic] to extend" that deadline "by at least one week (from October 9, 2018 up to and including October 16, 2018) throughout the state and including [online] registrations."  (DE 1 at 12) ("Request for Relief").  That October 9 statutory deadline had already passed when Plaintiffs filed this action on October

10.  (DE 1) (file-stamped October 10, 2018).  If this action was ever live, it is moot now.  The extension of the statutory deadline sought by Plaintiffs was only "up to and including October 16, 2018."  (DE 1 at 12).  October 16 has come and gone.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation, brackets, and citation omitted).  "Generally, a request for an injunction is moot upon the happening of the event sought to be enjoined."  *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) (internal quotations and citation omitted) (finding claims "solely supporting [injunctive] remedy," including placing candidate's name on the ballot, "are moot" after the election); *Tropicana Prod. Sales, Inc. v. Phillips Brokerage Co.*, 874 F.2d 1581, 1582 (11th Cir. 1989) (in the appellate context, the Eleventh Circuit has "consistently held that an appeal from the denial of a motion for preliminary injunction is mooted when the requested effective end-date for the preliminary injunction has passed").

### A.   Plaintiffs seek only injunctive relief

Plaintiffs seek only to "permanently[1] enjoin[] Defendants [sic] from enforcing the current October 9, 2018 voter registration deadline" in section 97.055(1)(a),

---

[1] Plaintiffs also sought a preliminary injunction in their request for relief.  (DE 1 at 12).  The Court has already denied that relief (DE 12) in response to Plaintiffs' motions (DEs 3-4).

Florida Statutes, and "ordering Defendants [sic] to extend" that deadline "by at least one week (from October 9, 2018 up to and including October 16, 2018) throughout the state and including [online] registrations." (DE 1 at 12) ("Request for Relief"). That October 9 statutory deadline had already passed when Plaintiffs filed this action on October 10. (DE 1) (file-stamped October 10, 2018). If this action was ever live, it is moot now. The extension of the statutory deadline sought by Plaintiffs was only "up to and including October 16, 2018." (DE 1 at 12). October 16 has come and gone.

Moreover, every supervisor's office that was closed on October 9, has reopened for a full day and accepted paper voter registration applications pursuant to the Secretary's Directive 2018-03, which extended the October 9 deadline in the affected counties. Matthews Decl. ¶ 4. The Secretary's Directive was successful by all accounts.

The relevant election is tomorrow, November 6. If there were any doubt about mootness today, there should be none after tomorrow. A "Court cannot prevent what has already occurred." *De La Fuente v. Kemp*, 679 Fed. Appx. 932 (11th Cir. 2017) (finding plaintiff's request for preliminary injunction "undoubtedly moot insofar as he sought to preclude enforcement of the Georgia [ballot access] deadline statute" where the "elections have come and gone"); *De La Fuente Guerra v. Democratic Party of Florida*, No. 4:16-cv-00026-RH-CAS (N.D.

3

Fla. April 19, 2016). Regardless, relief is futile if not practically impossible today. The Court cannot grant Plaintiffs any of the relief they seek.

### B. Plaintiffs do not seek any declaratory relief

It should be noted that Plaintiffs have brought an equal protection challenge to the Secretary's Directive extending the statutory deadline in the affected counties that would likely not be moot. (DE 1, ¶¶ 37-43). However, Plaintiffs do not seek any declaration related to that claim, or any other claim. *Id.*; *see also id.* ¶ 13 ("Plaintiffs bring this action to secure equitable relief …"); *id.* at 12 (sole relief sought); *cf. Florida Democratic Party v. Scott*, No. 4:16-cv-00626 (N.D. Fla.) (DE 3). The relief sought relates only to the statutory deadline and is limited to injunctive relief. The action is therefore moot.

To be sure, in 2016, a substantially similar action was brought invoking the equal protection clause, among other claims, to extend the statutory registration deadline because of Hurricane Matthew. *Florida Democratic Party v. Scott*, No.: 4:16-cv-00626 (N.D. Fla.). The plaintiff in that action specifically sought declaratory relief, in addition to injunctive relief. *Id.* at DE 3 ¶¶ 56, 58-63. After preliminary relief was granted extending the deadline, the Court closed the case when "neither party indicated that they planned" "to seek further action in th[e] case." *Id.* (October 20, 2016) (DE 55). The Court presumably recognized that the claim for declaratory relief could survive and therefore closed the case only after

4

permitting those claims to be pursued. *See id.* (October 13, 2016) (DE 30). Here, the Plaintiffs have not sought any relief that could survive. The complaint should therefore be dismissed as moot.

### C. This action is unlikely to repeat itself

There is an exception to mootness where the issue is capable of repetition yet may evade review. The exception is limited to where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Hall v. Sec'y of State of Ala.*, 902 F. 3d 1294 (11th Cir. 2018) (accepting the *Weinstein* two-part test for the exception in election context). There must be "a reasonable expectation that materially similar circumstances will recur." *Hall*, 902 U.S. at 1298. A "reasonable expectation" however, "requires more than a theoretical possibility." *Id.*

At issue in *Hall* was whether an independent candidate's challenge to Alabama's 3% signature requirement for ballot access, as applied to a special election for a U.S. House seat, was moot after the election and, whether the "capable of repetition" exception to mootness applied. *Hall*, 902 F. 3d 1294. The Eleventh Circuit concluded that the action was moot and the exception did not apply. The relevant inquiry for the court was not simply whether the candidate

wished to again run as an independent and seek ballot access by the petition method, but whether there was even a reasonable expectation that the opportunity to fill a U.S. House seat at a special election would occur again. *Hall*, 902 U.S. at 1298. "Before 2013, the last special election in Alabama's First House District was in 1935." *Id.* The court therefore found it "highly unlikely," that the opportunity would recur, given the "infrequent occurrences of special elections in Alabama for U.S. House seats." *Id.*

    The basis of Plaintiffs' complaint is not just an impending hurricane during the last days of the registration period which, has indeed happened once before. Rather, the basis is "the State's refusal to provide for a reasonable extension of the October 9, 2018 voter registration deadline … in the face of an impending catastrophic hurricane coupled [with] reported problems with the state's online voter registration system (OVR) in the waning days of the registration period." (DE 1 ¶ 1). That combination of events – rising to the level of constitutional concern alleged by Plaintiffs – has, at most, a remote possibility of recurrence and is therefore insufficient to overcome mootness. *See Hall v. Sec'y of State of Alabama*, 902 F. 3d 1294, 1305 (11th Cir. 2018). The capable-of-repetition-yet-evading-review exception to mootness is not applicable here.

6

WHEREFORE, the Secretary respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction due to mootness.

                                          Respectfully submitted by,

                                          _____*/s/ Ashley E. Davis*_____
                                          BRADLEY R MCVAY (FBN 79034)
                                          Interim General Counsel
                                          brad.mcvay@dos.myflorida.com
                                          ASHLEY E. DAVIS (FBN 48032)
                                          Deputy General Counsel
                                          ashley.davis@dos.myflorida.com
                                          FLORIDA DEPARTMENT OF STATE
                                          R.A. Gray Building Suite, 100
                                          500 South Bronough Street
                                          Tallahassee, Florida 32399-0250
                                          Phone: (850) 245-6536
                                           Fax: (850) 245-6127

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5, 2018, a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system to all counsel of record.

                                            */s/ Ashley E. Davis*
                                            Attorney