IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
FLORIDA

Tallahassee Division

NEW FLORIDA MAJORITY
EDUCATION FUND, COMMON CAUSE
and MI FAMILIA VOTA EDUCATION
FUND,

                Plaintiffs,                Civil Action No. 4:18-cv-00466 MW-CAS

v.

KEN DETZNER, in his official
capacity as Secretary of State of the
State of Florida,
                Defendant.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

On November 16, 2018, Plaintiffs filed a motion for an extension of time to respond to Defendant's motion to dismiss. [Docket Entry (D.E.) 14]. Because the Court has not yet ruled on Plaintiffs' motion, and in compliance with local rules setting forth time limits for responsive pleadings, Plaintiffs submit this Response. However, Plaintiffs reserve the ability to supplement this Response and/or request permission to substitute it for an amended future filing. *See* L.R. 7.1(J).

    A.    **Factual and Procedural Background**

Plaintiffs filed their Complaint on October 10, 2018, challenging the State of Florida's refusal to provide for a reasonable extension of the October 9, 2018 voter registration deadline for participation in the November general election in the face of a then-impending catastrophic hurricane and given reported problems with the state's online voter registration (OVR) system. D.E. 1. Plaintiffs asserted two claims, both under the Fourteenth Amendment. First, that the

State's failure to extend the registration deadline by at least one week (with October 16th being the earliest new registration deadline), unduly burdened those voters who were impacted by the storm and were also unable to register online from wherever they might have relocated due to the technical problems with the OVR website. *Id.* at ¶¶ 33-36.  Second, that the decision not to extend the registration deadline statewide would create a non-uniform and arbitrary system of election administration and, thus, disparately impact some voters a lot more than others.  *Id.* at ¶¶ 37-43.

Plaintiffs sought: (1) a preliminary and permanent injunction against Defendant's enforcement of the October 9 registration deadline; and (2) a court order requiring Defendant to extend the voter registration deadline statewide by at least one week.  In furtherance of seeking injunctive relief, Plaintiffs also filed an "Emergency Motion for a Temporary Restraining Order (TRO)."  D.E. 3.

The Court consolidated this case with *Florida Democratic Party v. Detzner*, Case No. 4:18-cv-00463 (N.D. Fla.), in which the Court conditionally denied the plaintiff's motion to further extend the voter registration deadline by one full business day from when a county Supervisor of Elections (SOE) office reopened after being closed on October 9, 2018.  The Court explicitly based its ruling on its understanding that Defendant's previously issued directive to all SOE offices was mandatory and applied even if an office was only closed for part of the day.

On October 11, 2018, Plaintiffs amended their request for relief by narrowing the application of any new registration deadline to the 35 counties subject to the state of emergency and by asking that the new deadline apply to both in-person and online voter registrations and that Defendant take all reasonable steps to notify the public of the new registration deadline.  D.E. 4. The Court conditionally denied Plaintiff's motion for a TRO on October 16, 2018, and relied upon its decision in *Florida Democratic Party v. Detzner*.  D.E. 12.

Defendant filed his Motion to Dismiss on November 5, 2018.  D.E. 13.

B.     **Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  When reviewing a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly" and "the allegations in the complaint are viewed in the light most favorable to the plaintiff."  *Watts v. Fla. Int'l Univ.*, 495 F.2d 1289, 1295 (11th Cir. 2007).  To survive a motion to dismiss, a complaint need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (emphasis added).

C.     **Legal Arguments**

Defendant moves to dismiss the complaint on the grounds that: (1) the case is moot because the relevant SOE offices complied with Defendant's directive as to the "one full business day" voter registration extension; (2) Plaintiffs only sought injunctive, not declaratory relief and, therefore, there was no relief to be granted when the election (at that time) was the next day; and (3) there is a remote possibility, at best, that the combination of a hurricane close to a voter registration deadline would happen again. D.E. 13.  Defendant does, however, acknowledge that: "Plaintiffs have brought an equal protection challenge to the Secretary's Directive extending the statutory deadline in the affected counties that would likely not be moot." *Id.* at 4.  Thus, as an initial matter, Defendant's motion should be narrowly applied only to Plaintiff's "undue burden" claim brought under the Fourteenth Amendment and is a factual issue that cannot be resolved on a motion to dismiss under F.R.C.P. 12(b)(6).  [case cite to this effect necessary?].  At the very least, they are entitled to discovery to determine the extent to which all voters in Florida, whether or not subject to the State's emergency order, had equal access to register to vote for purposes of

proving their equal protection claim. *See Doe v. Miami-Dade Co., Fla.*, 846 F.3d 1180, 1186 (11th Cir. 2017) ("Our role in reviewing the grant of a 12(b)(6) motion merely is to determine whether the plaintiffs stated a plausible claim, such that they should be permitted to proceed to discovery.").

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003), quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969); see also *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.,* 225 F.3d 1208, 1217 (11th Cir.2000)("Put another way, [a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citations and internal quotation marks omitted).

Florida is one of the most hurricane prone states in the country.  Just two years ago, the State was successfully sued for refusing to extend the voter registration deadline in light of the impact of Hurricane Matthew on several counties.  *See Florida Democratic Party v. Scott*, 215 F. Supp. 3d 1250 (N.D. Fla. 2016).  Thus, it is quite remarkable Defendant would even argue that the likelihood of similar circumstances as this case occurring again is "remote."

Moreover, Defendant's arguments which are based almost entirely on the actions of SOE offices go to factual issues outside the face of the pleadings and, for that reason, a motion to dismiss is not appropriate.  For example, it cannot be determined from the face of the pleading whether Defendant provided adequate notice of which SOE offices were closed on the final day of registration, when they opened for business after the storm and whether adequate notice of the same was given to the voters.  These are all issues of fact that are not subject to resolution on a motion to dismiss.

D.   **Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that Defendant's motion to dismiss the complaint be denied.

Dated:  November 19, 2018

        Respectfully submitted,

        */s/ Nancy G. Abudu*
Nancy G. Abudu (Fla. Bar No. 111881)
nabudu@aclufl.org
ACLU Foundation of Florida, Inc.
4343 W. Flagler Street, Suite 400
Miami FL 33134
Tel: 786-363-2700

Julie A. Ebenstein (Fla. Bar No. 91033)
jebenstein@aclu.org
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Tel: 212-549-2500

Ezra D. Rosenberg (*\*pro hac vice – to be filed*)
Julie Houk (*\*pro hac vice – to be filed*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone:   (202) 662-8600
Facsimile:    (202) 783-0857
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org

Donita Judge (*\*pro hac vice – to be filed*)
Denise Lieberman (*\*pro hac vice – to be filed*)
Gilda Daniels (*\*pro hac vice – to be filed*)
ADVANCEMENT PROJECT
1220 L Street NW, Suite 850
Washington DC 20005
Ph: (202) 728-9557
Fax: (202) 728-9558
djudge@advancementproject.org
dlieberman@advancementproject.org
gdaniels@advancementproject.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, I electronically filed the foregoing document with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties.

*/s/ Nancy G. Abudu*
Nancy G. Abudu