IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA TALLAHASSEE DIVISION

NEW FLORIDA MAJORITY
EDUCATION FUND, COMMON CAUSE
and MI FAMILIA VOTA EDUCATION
FUND,

    Plaintiff,

v.                                                         Civil Action No.  4:18-cv-00466 MW-CAS

KEN DETZNER, in his official
capacity as Secretary of State of the
State of Florida,

    Defendant.

_____/

## SUGGESTION OF MOOTNESS

Florida Secretary of State Detzner respectfully suggests to the Court that this action has become moot.  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation, brackets, and citation omitted).  "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* at 1336 (internal quotations, brackets, and citation omitted).  A case can become moot due to a change in factual circumstances, and Article III of the U.S. Constitution requires that a federal case "be viable at all stages of the litigation; it is not sufficient that the

controversy was live only at its inception." *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (internal quotations and citation omitted). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336. Mootness is jurisdictional and must be resolved by a federal court before it assumes jurisdiction. *See id.*; *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The only relief sought in this action is an order "enjoining Defendants [sic] from enforcing the current October 9, 2018 voter registration deadline" in section 97.055(1)(a), Florida Statutes, and "ordering Defendants [sic] to extend" that deadline "by at least one week (from October 9, 2018 up to and including October 16, 2018) throughout the state and including [online] registrations." (DE 1 at 12) ("Request for Relief"). That October 9 statutory deadline had already passed when Plaintiffs filed this action on October 10. (DE 1) (file-stamped October 10, 2018). If this action was ever live, it is moot now. The extension of the statutory deadline sought by Plaintiffs was only "up to and including October 16, 2018." (DE 1 at 12). October 16 has come and gone. Moreover, the election relating to the challenged registration deadline passed on November 6, 2018, and the results were certified on November 20.

WHEREFORE, the Secretary respectfully suggests that this action is moot and should be dismissed.

        Respectfully submitted by,

_____/s/ Ashley E. Davis_____
BRADLEY R MCVAY (FBN 79034)
Interim General Counsel
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
Deputy General Counsel
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 28, 2018, a true and correct copy of the foregoing was served via transmission of a Notice of Electronic Filing through the Court's CM/ECF system to all counsel of record.

        /s/ Ashley E. Davis
        Attorney